## Case No. 8,144.

### LAWRENCE et al. v. SHERMAN.

[2 McLean, 488.] [1]

Circuit Court, D. Illinois. June Term, 1841.

SALE UNDER DEFECTIVE EXECUTION — COLOR OF OFFICE — SHERIFF LIABLE FOR ACTS OF DEPUTY—PROPERTY CLAIMED BY THIRD PARTY.

1. Proof that a sheriff, or other public officer, acted as such, is sufficient.

[Cited in State v. Roberts, 52 N. H. 496.]

2. Where a deputy sheriff has sold property under a defective execution, the principal is chargeable, he having sanctioned the transaction.

3. By the statute of Illinois. where property is claimed by a third person, a jury is required to be summoned by the sheriff to try the right, and their verdict must be in writing under their signatures. Parol proof of such a proceeding is not admissible.

4. This writing it is in the power of the sheriff to produce, and he must produce it, or show that it has been lost or destroyed.

[This was an action at law by Lawrence and Emmerson against Sherman.]

Mr. Butterfield, for plaintiffs.
Mr. Spring, for defendant.

OPINION OF THE COURT. This is an action of trover, for certain articles of ready-made clothing and two pieces of cloth. This property the plaintiffs insist belonged to Mary Sewell, she having received it from her father, and for whom the plaintiffs act as trustees. The defendant filed the general issue. On this issue the capacity in which the plaintiffs sue is not, they insist, contested. A deed, however, was introduced showing the appointment of the plaintiffs as trustees, and the title to the articles claimed was proved to be in them, though Mary Sewell had posses-

sion of them. The property was levied on by virtue of an execution in behalf of the State Bank v. G. Doolittle, issued to the defendant, who is sheriff, as the property of Doolittle. The property was levied on, and sold by Smith the deputy sheriff. The execution seems not to have been sealed, and it was objected that the deputy was not authorized to act under it, and that the act did not bind his principal. But the court held, that the act being done under color of authority, and having been sanctioned by the principal, he was responsible. They, also, held that no other proof than that the defendant acted as sheriff was necessary to charge him as such. By a statute of Illinois, when property is levied on which is claimed by a person, other than the defendant, the sheriff or other officer is required, on notice of such claim, to summon a jury of twelve persons, and, after being sworn, the evidence of property is heard by them, and they return their verdict, in writing, under their signatures, and this verdict, if against the claimant, is a justification to the sheriff in selling the property. Parol proof of this proceeding was offered and overruled by the court. The effect of this proceeding is a justification of the sheriff. The inquest was called by him, on notice of the claimant, and he superintended the inquiry. He has possession or control of this action of the jury, and no excuse is offered why the writing is not produced. It is the best evidence, and no proof of a secondary character can be received, unless it be shown that the written verdict is lost or destroyed.

The jury found for the plaintiff, on which a judgment was rendered.